ORIGINAL

# In the United States Court of Federal Claims

No. 14-008T
(Filed: July 2, 2015)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES WIDTFELDT, | \* |
| Plaintiff, | \* Pro Se Plaintiff; Subject Matter Jurisdiction; Failure to State a Claim; RCFC 12(b)(1); RCFC 12(b)(6); 26 U.S.C. § 6511; 26 U.S.C. § 7422(a); 26 U.S.C. § 7482(a)(1); Frivolous Complaint Filed by Suspended Attorney; History of Abuse of Court System; Costs to Defendant |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

James Widtfeldt, Atkinson, NE, pro se.

Carl D. Wasserman, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

**SWEENEY**, Judge

    Before the court is defendant's motion to dismiss plaintiff's pro se complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6), respectively, of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff alleges various claims, including entitlement to tax refunds arising from purported "death taxes" paid in 1999 and 2000. Plaintiff also details his grievances with the prior United States Tax Court ("Tax Court") decision regarding these tax liabilities. Because plaintiff's complaint raises a plethora of issues, most of which are entirely frivolous, or alternatively, are incomprehensible or bizarre, defendant's motion is granted for the reasons set forth below. In addition, due to the frivolous nature of the complaint, the court awards costs to defendant.

### I. BACKGROUND

    Plaintiff is an attorney who, in 2005, was indefinitely suspended from the practice of law in Nebraska for, among other things, "repeatedly fil[ing] irrelevant and abusive motions and pleadings."[1] State ex rel. Counsel for Discipline v. Widtfeldt, 691 N.W.2d 531, 535 (Neb. 2005).

---

[1] Although the court typically derives the facts from a plaintiff's complaint when resolving a motion to dismiss, due to the nature of the events leading up to this case, the court takes judicial notice of the pertinent legal proceedings and filings in state and federal fora that preceded this matter.

Some of these filings, along with many others that he filed subsequently, pertain to his parents' payment of taxes to the Internal Revenue Service ("IRS"). Plaintiff's parents were Gusteva and Albert Widtfeldt. Compl. ¶ 3. In 1987, Mr. and Mrs. Widtfeldt "financed about 2400 acres of agricultural property for [plaintiff,] which was deeded to [Mr. and Mrs.] Widtfeldt . . . ." Pl.'s 2d Sur-Resp. 3.[2] Further, in 1992, Mr. and Mrs. Widtfeldt "financed about 1990 acres of agricultural property to [plaintiff,] which was deeded to [him] in a trust." Id. Mr. Widtfeldt died in February 1996. Id. at 4. According to plaintiff, in 1998, the "IRS claimed that [plaintiff] was inheriting rather than purchasing [the property] from [his parents, Mr. and Mrs.] Widtfeldt . . . ." Id. On November 19, 1999, Mrs. Widtfeldt paid $36,000 to the IRS in what plaintiff asserts were "death taxes." Compl. ¶ 4. Shortly thereafter, on November 22, 1999, and on February 15, 2000, she paid the IRS "death taxes" in the amounts of $156,955.92 and $406.44, respectively. Id. Plaintiff avers that the sums that Mrs. Widtfeldt paid in 1999 and 2000 constituted "death taxes for both [Mr. Widtfeldt and herself], if [she] had departed this life in or before 1999 . . . ." Id.

In 2002, Arthur C. Welp, an IRS appeals officer, sent plaintiff a letter. Pl.'s Resp. 10. The letter referenced gift taxes, and provided, "[t]he agreement we reached has been approved and we will complete our processing of your case." Id. Plaintiff asserts that Mr. and Mrs. Widtfeldt "paid about $191,000 to the IRS to fully resolve that matter [and it was] fully resolved in 2002[,]" where the IRS "determined on appeal that the $191,000 was an overpayment." Pl.'s 2d Sur-Resp. 3. Mrs. Widtfeldt died on February 8, 2006. Id.

Plaintiff subsequently filed an action in the Tax Court, which Judge Diane L. Kroupa dismissed on April 28, 2011. Def.'s Ex. 2 at 2-7 (Tr. of Oral Argument, Widtfeldt v. C.I.R., No. 15907-10 (2011)). In dismissing the case, the court "render[ed] oral findings of fact and opinion," explaining that the case concerned a

> tax dispute regarding the Federal gift and estate tax consequences of the farmland, rental units and other substantial property in Holt County[, Nebraska.] Title to the property appears clouded because of [James Widtfeldt's] attempts at estate planning techniques. The funding of various trusts and relevant deeds involving the farmland and rental units in Holt County creates more questions and answers. [James Widtfeldt] disputes the tax the IRS determined was due. . . . [The government] determined that [James Widtfeldt's] mother . . . made gifts as of the tax year ending December 31, 2004, resulting in a $305,141 gift tax deficiency,[3] a $68,656.73 late

---

[2] Because much of plaintiff's complaint is unintelligible and convoluted, the court has ascertained certain facts from plaintiff's subsequent filings in this case, to fill in some of the many factual gaps in the complaint. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that the pro se plaintiff's complaint was to be "liberally construed").

[3] This information is taken from the transcript of the proceeding. The transcript initially listed the deficiency as "$205,141." Def.'s Ex. 2 at 3. However, the number "2" has been crossed out by hand, and the number "3" has been written above it, indicating that this is a correction. See id. The letters "dlk" have been handwritten in the right margin. See id. The court presumes that these are Judge Diane L. Kroupa's initials signifying that she corrected the erroneous value in the transcript.

gift tax filing addition . . . and a $76,285.25 late gift tax payment addition . . . . The government also determined a $170,954 estate tax deficiency against the estate of [James Widtfeldt's] mother . . . and also determined that the estate was liable for a $34,191 accuracy-related penalty for filing an inaccurate Federal estate tax return.

Id. at 3. The court noted that James Widtfeldt disputed that any tax was due, and stated that "[t]his [wa]s the only thing that the [c]ourt underst[ood] from what [James Widtfeldt] had submitted in th[e] case." Id. Further, the court expressed that James Widtfeldt "raise[d] numerous nonsensical arguments[,]" and that it "seriously question[ed James Widtfeldt]'s mental capacity." Id. Indeed, the court noted that previously, each of the numerous motions that plaintiff had filed "lacked merit" and had been denied. Id. at 4. Such motions included one to "require the [c]ourt to be tested for Lyme[] Disease," id., as well as "motions to recuse the judge because she had the same surname as [James Widtfeldt]'s neighbor," id. at 5. The court determined that James Widtfeldt's claims "ma[d]e no sense," id., noting that he had "made similar irrelevant claims in the Federal District Court of Nebraska" in 2010, id. at 6. The court indicated that despite warning James Widtfeldt that it would entertain a motion to dismiss the case if he "failed to raise relevant issues," he "did not heed" these warnings, instead "inundating th[e c]ourt with irrelevant information." Id. Moreover, the court stated that James Widtfeldt was a "disturbed individual," noting that he was previously "escorted from the courtroom by the U.S. Marshals Service . . . when he persisted in making irrelevant statements and assertions." Id. Ultimately, the court held that James Widtfeldt had failed to prove that the government's determinations regarding his parents' tax liability were incorrect, and dismissed his claims. Id. He filed an appeal, and on January 9, 2012, the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") affirmed the Tax Court's decision. Widtfeldt v. C.I.R., 449 F. App'x 561 (2012) (per curiam).

## II. PROCEDURAL HISTORY

Plaintiff filed suit on January 2, 2014, in the United States Court of Federal Claims ("Court of Federal Claims"). Although much of plaintiff's complaint is unintelligible, the court has deciphered that plaintiff pleads that no "death taxes" were due on behalf of his parents, and that consequently, he is entitled to a refund for the amounts paid. Further, plaintiff details several grievances with respect to the action that he filed before the Tax Court. Defendant filed a motion to dismiss plaintiff's claims pursuant to RCFC 12(b)(1) and RCFC 12(b)(6). The motion has been fully briefed, and the court deems oral argument unnecessary.

## III. LEGAL STANDARDS

Defendant moves to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, and under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), as with a motion to dismiss pursuant to RCFC 12(b)(6), the court accepts as true all undisputed factual allegations made by the nonmoving party, and draws all reasonable inferences from those facts in the nonmoving party's favor. Westlands Water Dist. v. United States, 109 Fed. Cl. 177, 190 (2013). Because the court resolves

defendant's motion pursuant to RCFC 12(b)(1), it declines to include an RCFC 12(b)(6) discussion herein, as it is irrelevant to the court's analysis.

## A. RCFC 12(b)(1)

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction[,] the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties, or the court sua sponte, may challenge the existence of subject matter jurisdiction at any time. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). The plaintiff bears the burden of proving, by a preponderance of the evidence, that the court possesses subject matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. See McNutt, 298 U.S. at 189. Ultimately, if the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. Matthews v. United States, 72 Fed. Cl. 274, 278 (2006); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## B. Tax Refund Suits

The Tucker Act, 28 U.S.C. § 1491 (2012), provides this court with jurisdiction over tax refund suits. Ontario Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993); Allison v. United States, 80 Fed. Cl. 568, 580-81 (2008). When a taxpayer is assessed with a tax deficiency, he may challenge that assessment in one of two ways. Smith v. United States, 495 F. App'x 44, 48 (Fed. Cir. 2012); Ishler v. United States, 115 Fed. Cl. 530, 536 (2014). The first is to pay the tax, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in a district court. 26 U.S.C. § 7422(a) (2012); Smith, 495 F. App'x at 48; Ishler, 115 Fed. Cl. at 536. Alternatively, the taxpayer may file a petition with the Tax Court. Smith, 495 F. App'x at 48; see also Flora v. United States, 362 U.S. 145, 163 (1960) (describing Congress's creation of "a system" of two tribunals for litigation). With certain exceptions, if a taxpayer chooses the latter path and files a petition with the Tax Court, that individual cannot later maintain suit in the Court of Federal Claims or in a district court to obtain a credit or refund for the same taxable year. 26 U.S.C. § 6512(a); Smith, 495 F. App'x at 48.

If the taxpayer chooses the first option and files suit in the Court of Federal Claims, then pursuant to 26 U.S.C. § 6511(a), a "[c]laim for credit or refund of an overpayment of any tax imposed by" the statute where the taxpayer "is required to file a return shall be filed . . . within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." Subsection (b)(1) provides that "[n]o credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the

4

taxpayer within such period." Id. § 6511(b)(1). Subsection (b)(2) defines two look-back periods, and imposes substantive limitations on the amount of the refund a taxpayer can collect. First, if a claim is filed "during the 3-year period" set forth in 26 U.S.C. § 6511(a), then the amount of the credit or refund "shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Id. § 6511(b)(2)(A). Second, if a claim is "not filed within such 3-year period," then the amount of the credit or refund "shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Id. § 6511(b)(2)(B). "[U]nless a claim for refund of a tax has been filed within the time limits imposed by [section] 6511(a), a suit for refund . . . may not be maintained in any court." United States v. Dalm, 494 U.S. 596, 602 (1990) (citing United States v. Kales, 314 U.S. 186, 193 (1941)).

In tax refund suits, "once jurisdiction is established, 'the plaintiff bears the burden of proof, including both the burden of going forward and the burden of persuasion.'" USA Choice Internet Serv., LLC v. United States, 73 Fed. Cl. 780, 782 (2006) (quoting Sara Lee Corp. v. United States, 29 Fed. Cl. 330, 334 (1993) (citation omitted)). "[T]he assessment made by the [IRS] is presumed to be correct and this places an obligation on the taxpayer . . . to rebut a presumption of correctness." Cook v. United States, 52 Fed. Cl. 62, 67 n.6 (2002) (citing United States v. Janis, 428 U.S. 433, 440-41 (1976)). Procedurally, this standard "requires the taxpayer to come forward with enough evidence to support a finding contrary to the Commissioner's determination." USA Choice Internet Serv., 73 Fed. Cl. at 782 (citation omitted). A "plaintiff who is claiming a tax refund must prove [its] case by a preponderance of the evidence." Gingerich v. United States, 77 Fed. Cl. 231, 240 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

In his complaint,[4] plaintiff alleges that the IRS's "taxing authority must be reasonably exercised, which does not include multiple applications for the same tax previously determined to be zero." Compl. ¶ 2. Plaintiff avers that

> it was determined in 2002, through the appeals division of the IRS and recorded by four or more letters issuing from Arthur Welp of the appeals division of the IRS, that

---

[4] Plaintiff names the United States, "Thomas Murphy, Agent[,] US Treasury," and the "Commissioner of Internal Revenue" as defendants. In the Court of Federal Claims, the only appropriate defendant is the United States, not its officers, nor any other individual. RCFC 10(a); accord United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims's] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court."); Nat'l City Bank v. United States, 143 Ct. Cl. 154, 164 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant . . . before [the Court of Federal Claims] is the United States, not its officers, nor any other individual."). To the extent that plaintiff's claims are filed against parties who are not the United States, they are dismissed for lack of jurisdiction.

5

no tax whatever was due on the death of either Albert or Gusteva Widtfeldt, and that by 2002[,] Gusteva Widtfeldt had in fact consumed enough if not all of her estate and everything remaining from the Estate of Albert Widtfeldt, so that in fact no estate tax was due . . . and that all taxes which had been paid in contemplation of an earlier death of Gusteva Widtfeldt[] would not be refundable, subject only to the IRS or the US Treasury reopening the Estate Tax and Gift for any reason . . . .

Id. ¶ 3. Plaintiff provides a letter that he received from the IRS in 2002, which referenced gift taxes and stated, "[t]he agreement we reached has been approved and we will complete our processing of your case." Pl.'s Resp. 10. Ultimately, plaintiff contends that "no tax whatever was due on the death of either" of his parents, Compl. ¶ 3, and that these amounts "must now be refunded" to him, "with interest, penalties, and loss of opportunity cost to [him]," id. ¶ 4.

The facts of this case clearly demonstrate that the court lacks jurisdiction. The law is well settled that if a taxpayer previously filed a petition with the Tax Court contesting a deficiency determination, 26 U.S.C. § 6512(a) bars that individual from pursuing a tax credit or refund suit in this court for the same taxable year.[5] Smith, 495 F. App'x at 48. That is precisely what has occurred here—plaintiff previously filed an action with the Tax Court regarding the same claims that he brings before this court. Def.'s Ex. 2 (Tr. of Oral Arg., Widtfeldt, No. 15907-10). Indeed, in its oral findings of fact and opinion in that case, the Tax Court explained that plaintiff's claims concerned a "tax dispute regarding the Federal gift and estate tax consequences of the farmland, rental units and other substantial property" belonging to the Widtfeldt family. Id. at 3. The court noted that it "underst[ood] that [plaintiff] dispute[d] that any tax [wa]s due." Id. Further, the court described the government's prior determinations regarding Mrs. Widtfeldt's tax liabilities for the tax year ending on December 31, 2004, including a $305,141 gift tax deficiency, a $68,656.73 late gift tax filing addition, and a $76,285.25 late gift tax payment addition. Id. In addition, the government had determined that Mrs. Widtfeldt's estate was liable for a $170,954 estate tax deficiency, as well as a $34,191 accuracy-related penalty for filing an inaccurate federal estate tax return. Id. The court held that plaintiff failed to prove that the government's determinations regarding his family's tax liabilities were incorrect, and dismissed his claims. Id. at 6. Plaintiff's subsequent appeal to the Eighth Circuit was denied in 2012. Widtfeldt, 449 F. App'x at 561.

In the case now before this court, plaintiff advances the same claims as those that he presented to the Tax Court; he disputes that any tax was due with respect to his family's property, challenges the government's deficiency determinations, and maintains that he is owed a refund and other costs. As a consequence, plaintiff's prior litigation of the same claims before the Tax Court precludes this court from exercising its jurisdiction over his claims. Smith, 495 F. App'x at 48 (holding that the "Court of Federal Claims correctly found that § 6512(a) precluded it from exercising jurisdiction because [the plaintiff] had previously filed Tax Court petitions seeking redetermination of the same liabilities" (citation omitted)); Sun Chem. Corp. v. United States, No. 341-73, 1982 WL 11259, at *3 (Ct. Cl. May 24, 1982) (per curiam) ("[D]espite its limited jurisdiction, the Tax Court's final determination is still conclusive in any other suit."

---

[5] Section 6512(a) provides for certain exceptions, but plaintiff does not allege any facts to support a finding that his claims would fall under an exception.

(citing 26 U.S.C. § 6512(a))), aff'd, 698 F.2d 1203 (Fed. Cir. 1983). Accordingly, plaintiff's claims are dismissed for lack of subject matter jurisdiction.

Assuming for the sake of argument that the court possessed jurisdiction and evaluated plaintiff's claims on the merits, plaintiff's contention that he should be refunded "death taxes" paid on his mother's behalf from 1999 and 2000 would have no merit. Mrs. Widtfeldt was alive during that time, as indicated by plaintiff's own assertion that she died in 2006. Pl.'s 2d Sur-Resp. 3. Thus, plaintiff's claim that he is owed a "death tax" refund for a time period when his mother was alive would be dismissed as frivolous.

Moreover, to the extent that plaintiff's refund claims here pertain to gift taxes, such claims would be dismissed for lack of subject matter jurisdiction on alternative grounds. Pursuant to 26 U.S.C. § 7422(a),

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Section 7422(a) therefore contains a condition precedent—the overpayment of taxes and a "duly filed" refund claim. For a refund claim to be "duly filed" with the IRS, the claim must be filed within three years of the return being filed, or within two years of the tax being paid, whichever is later. 26 U.S.C. § 6511(b)(1). If a plaintiff fulfills this requirement, section 7422(a) waives the federal government's sovereign immunity from suit. Chi. Milwaukee Corp. v. United States, 40 F.3d 373, 374 (Fed. Cir. 1994). Thus, by requiring that a plaintiff first file with the IRS a refund claim that complies with IRS regulations, section 7422(a) creates a "jurisdictional prerequisite to filing a refund suit." Id. (citing Burlington N., Inc. v. United States, 684 F.2d 866, 868 (Ct. Cl. 1982)).

In this case, plaintiff does not allege any facts indicating that he filed a refund claim at any time, much less within the requisite time frame. Although plaintiff states that he entered into a settlement agreement with the government in 2002, he does not provide any factual averments indicating that he filed a qualifying administrative tax refund claim prior to that agreement. Moreover, he fails to allege any facts suggesting that the settlement agreement pertained to the tax payments at issue in this case. In addition, RCFC 9(m) requires that when "pleading a claim for a tax refund, a party must include," among other items, "a copy of the claim for refund" and "the date and place the claim for refund was filed." Here, plaintiff has provided the court with no such tax refund claim, nor the date and place that a claim, if any, was filed. Thus, while the court construes the facts alleged in plaintiff's complaint in the light most favorable to him, Reynolds, 846 F.2d at 748, because plaintiff fails to allege sufficient facts to indicate that he filed a qualifying tax refund claim prior to bringing this suit, the court would lack subject matter jurisdiction over his claims. See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."); Ishler, 115 Fed. Cl. at 537-38

7

(determining that the court lacked jurisdiction over the plaintiff's tax refund claims because he had not filed refund claims with the IRS for certain years, while claims that he had filed for other years were untimely); Larson v. United States, 89 Fed. Cl. 363, 383 (2009) ("For this court to exercise its jurisdiction over a plaintiff[']s federal tax refund claim, a petitioning party must first satisfy the tax refund schematic detailed in Title 26 of the Internal Revenue Code, (see, e.g., 26 U.S.C. § 7422 (2006) and 26 U.S.C. § 6511 (2006)), which establishes that a claim for refund must be filed with the IRS before filing suit in federal court, and establishes strict deadlines for filing such claims.").

In addition, plaintiff appears to seek this court's review of the Tax Court's decision in Widtfeldt v. C.I.R., Docket No. 15907-10. Plaintiff claims that when he filed an action in that court, it was "wrongful[ly] assign[ed] to Judge Kroupa," that she "set the erroneous appeal for trial ignoring or refusing to file numerous Widtfeldt paperwork," that his "request for continuance for necessary medical treatment of [plaintiff] was delayed and not filed by [Judge] Kroupa until the date of the trial," Compl. ¶ 10, and that Judge Kroupa engaged in "spiteful and unconstitutional actions," id. ¶ 15. Despite plaintiff's desire for this court to opine on that case, 26 U.S.C. § 7482(a)(1) gives the United States Courts of Appeals exclusive jurisdiction to review decisions of the Tax Court. Thus, this court lacks jurisdiction to review the decision in Widtfeldt v. C.I.R., Docket No. 15907-10. Moreover, plaintiff already availed himself of the opportunity to seek such review when he appealed the decision to the Eighth Circuit, and the Tax Court was affirmed. Widtfeldt, 449 F. App'x at 561. Consequently, plaintiff's claims are dismissed for lack of subject matter jurisdiction.

Finally, plaintiff alleges other unintelligible claims, including averring that the IRS violated the "Political Hatch Act in attempting to effect . . . political goals . . . through unlawful taxation or multiple attempts to collect tax previously found not to be due," in order to "conceal vestiges of slavery being put into effect by negligent government efforts to treat lyme and other neurogenerative diseases which are extraordinarily unlikely, if ignored, to result in incarceration for violence or misbehavior not nearly as likely but for the neurogenerative diseases . . . ." Compl. ¶ 15. These claims are nonsensical and lack merit, and are therefore dismissed.

## V. CONCLUSION

Because plaintiff raises the same claims in this court that he raised before the Tax Court, this court is precluded from exercising subject matter jurisdiction over such claims. Assuming for the sake of argument that the court possessed jurisdiction to consider plaintiff's claims, plaintiff's contention that death taxes paid on his mother's behalf should be refunded would have no merit because she was alive at the time that he filed the claim. Moreover, to the extent that plaintiff's claims pertain to gift taxes, such claims would be dismissed for lack of subject matter jurisdiction on alternative grounds, namely, for failure to file a refund claim prior to suit. Further, under 26 U.S.C. § 7482(a)(1), this court is barred from reviewing the Tax Court's decision, which resolved the very claims pending before this court and was affirmed by the Eighth Circuit. Finally, plaintiff's remaining claims related to, inter alia, the Hatch Act, Lyme and neurogenerative diseases, and slavery are dismissed, as they are unintelligible and bizarre, and consequently, frivolous.

Accordingly, the court **GRANTS** defendant's RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.[6] Plaintiff's complaint is **DISMISSED**. The clerk is directed to enter judgment accordingly.

**COSTS AWARDED TO DEFENDANT.**

**IT IS SO ORDERED.**

*/s/ Margaret M. Sweeney*
MARGARET M. SWEENEY
Judge

---

[6] Because plaintiff's claims are dismissed for lack of subject matter jurisdiction, the court need not reach defendant's other arguments, including its contention that the case should be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.